STATE OF HAWAI`I, Plaintiff-Appellee,
v.
KAMIKA K.M. NAKANELUA, Defendant-Appellant
No. 28673
Intermediate Court of Appeals of Hawaii.
July 28, 2009.
On the briefs:
Jon N. Ikenaga, Deputy Public Defender, for Defendant-Appellant.
Delanie D. Prescott-Tate, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting, C.J., FUJISE and LEONARD, JJ.
Defendant-Appellant Kamika K.M. Nakanelua (Nakanelua) appeals the Judgment, entered on July 3, 2007 in the Circuit Court of the First Circuit (circuit court).[1]
Nakanelua was found guilty of Promoting a Dangerous Drug in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1243 (Supp. 2008) and Unlawful Use of Drug Paraphernalia, in violation of HRS § 329-43.5(a) (1993) after entering into a conditional No Contest Plea which reserved his right to appeal the denial of his "Motion to Suppress Evidence and Statements" (Motion to Suppress).[2]
On appeal, Nakanelua contends the circuit court erred by denying his Motion to Suppress.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Nakanelua's points of error as follows:
Contrary to Nakanelua's claim, the circuit court did not err by denying his Motion to Suppress. Nakanelua challenges Findings of Fact Nos. 3, 4, 5, and 6 and Conclusions of Law Nos. 3, 4, 5, 6, 7, and 8. Although Nakanelua challenges specific findings of fact and conclusions of law, each point of error need not be addressed individually because Nakanelua's overarching claims in all of his points of error are that (1) the traffic stop was pretexual, (2) the traffic stop was illegal, and (3) the traffic stop was prolonged beyond the constitutionally permissible time to issue a traffic citation.
Nakanelua's claim that Officer Scott Yang's (Officer Yang) traffic stop of Nakanelua was a pretext for conducting a warrant check is without merit. Officer Yang stopped Nakanelua before asking police dispatch to check whether Nakanelua had any outstanding warrants. There was no evidence that Officer Yang knew who Nakanelua was prior to asking Nakanelua to produce his driver's license. Thus, we fail to see how Officer Yang's traffic stop of Nakanelua was pretexual when Officer Yang had no idea who Nakanelua was or whether Nakanelua had any outstanding warrants prior to initiating a traffic stop of Nakanelua.
Contrary to Nakanelua's claim, the traffic stop by Officer Yang was not illegal. A person may not be fined more than $100 for operating a vehicle without a current certificate of inspection, in violation of HRS § 286-25 (1993). In State v. Barros, 98 Hawai`i 337, 48 P.3d 584 (2002), the supreme court held that an officer was justified in stopping a defendant upon observing the defendant jaywalking, a non-criminal traffic offense. 98 Hawai`i at 342, 48 P.3d at 589. The supreme court in Barros held that "there is no statutory impediment to a police officer requesting a warrant check in the course of traffic violation stops." Id. Officer Yang was informed that the safety inspection on the vehicle Nakanelua was driving had an expired certificate of inspection. Officer Yang stopped Nakanelua for a non-criminal traffic offense. Therefore, the traffic stop was not illegal.
Contrary to Nakanelua's claim, he was not impermissibly stopped for a greater time than absolutely necessary under the circumstances. In Barros, the supreme court stated that it was deciding the question whether a police officer was prohibited from conducting "a warrant check on a defendant stopped for a non-criminal traffic-related infraction." Barros, 98 Hawai`i at 342, 48 P.3d at 589. The Barros court held that in order to pass constitutional muster, the length of time an officer could permissibly detain a person must have been "no greater in intensity than absolutely necessary under the circumstances." Id. at 342-43, 48 P.3d at 589-90 (internal quotations marks omitted) (quoting State v. Kaluna, 55 Haw. 361, 369, 520 P.2d 51, 58-59 (1974)).
Nakanelua misconstrues the holding in Barros by stating Nakanelua could not be detained longer than was necessary to issue a citation. Barros does not stand for such a proposition because the police may not hold a person longer than is necessary under the circumstances, not only for the time is takes to issue a citation.
Officer Yang received information within two minutes after the initial traffic stop that Nakanelua possibly had two outstanding warrants. This was clearly within the time Officer Yang could have issued a citation, even under ideal conditions. Once Officer Yang received such information, he was justified in prolonging Nakanelua's detention to confirm the warrants reported by dispatch for Nakanelua's arrest. Officer Yang confirmed that Nakanelua had outstanding warrants a few minutes after being informed that possible outstanding warrants existed. Such a detention is not unreasonable and did not violate Nakanelua's constitutional right against an unreasonable search or seizure.
Therefore,
IT IS HEREBY ORDERED that the Judgment, entered on July 3, 2007 in the Circuit Court of the First Circuit, is affirmed.
NOTES
[1] The Honorable Michael D. Wilson presided over the sentencing.
[2] The Honorable Marcia J. Waldorf presided over the Motion to Suppress.